IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTINA MONDRAGON ALVARRAN (#30764-077), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:15-cv-3455-N-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Martina Mondragon Alvarran ("Alvarran"), a federal prisoner, proceeding *pro se*, initiated this civil action by filing a motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action as barred by the statute of limitations.

**Background**

Alvarran is in the custody of the Federal Bureau of Prisons pursuant to two concurrent sentences of 60 months' imprisonment, imposed by this Court on March 10, 2014, after she was adjudged guilty of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326(a)

and (b)(2). *See United States v. Alvarran*, No. 3:13-cr-35-N (01) (N.D. Tex.). She did not file a direct appeal. Instead, she submitted claims challenging her underlying convictions and sentences on a form petition for a writ of habeas corpus under 28 U.S.C. § 2241 that she executed on August 28, 2015. *See Alvarran v. Upton*, No. 3:15-cv-2852-N-BN (N.D. Tex.), Dkt. Nos. 3 & 4.

The Section 2255 motion filed to initiate this action appears to be in response to the September 4, 2015 Notice of Deficiency and Order the Court entered in *Alvarran v. Upton*, to address Alvarran's Section 2241 petition ostensibly challenging her convictions and sentences:

> [I]t appears that the relief Petitioner seeks is available pursuant to 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000) (collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255, and an application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing).
> However, because Petitioner has not directly indicated that she intends to file a Section 2255 motion, the Court will not re-characterize her *pro se* post-conviction motion as a first Section 2255 motion now. Instead, <u>if she is challenging the validity of her convictions and sentences</u>, she is ORDERED to, by no later than **October 5, 2015**, re-file her motion on the form petition for habeas corpus relief (under 28 U.S.C. § 2255), which the Clerk of Court will send to her. She is also WARNED that if she chooses to re-characterize her current motion as a Section 2255 motion, by re-filing it on the form to be provided, any Section 2255 motion she files in the future will be subject to the restrictions imposed on second or successive motions. *See* 28 U.S.C. § 2244(b)(3)(A); *cf. Castro v. United States*, 540 U.S. 375 (2003).

*Alvarran v. Upton*, No. 3:15-cv-2852-N-BN (N.D. Tex.), Dkt. No. 6 at 1-2.

The Court should summarily dismiss this action pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts

-2-

("Section 2255 Rule 4(b)") where it is plain that Alvarran is not entitled to relief on her Section 2255 motion because it is time-barred and because she has neither shown that rare and exceptional circumstances justify equitable tolling of the limitations period nor shown (or even asserted) that she is actually innocent.

## Legal Standards

Section 2255 Rule 4(b) provides for summary dismissal "[i]f it plainly appears … that the moving party is not entitled to relief." *See, e.g., Ferrante v. United States*, Nos. EP-08-CA-391-PRM & EP-05-CR-277-PRM, 2008 WL 4960223, at *1 & n.3 (W.D. Tex. Nov. 18, 2008) (*sua sponte* considering summary dismissal, pursuant to Section 2255 Rule 4(b), of motion as time-barred (citing *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) ("even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*"))).

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (in which the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of equitable tolling because movant "was not misled about his cause of action or prevented in an extraordinary way from asserting his rights" but, instead, failed to mail the Section 2255 motion to the correct court within the limitation period, an error the court of appeals characterized as "a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling" (quoting *Irwin*, 498 U.S. at 96)).

The Supreme Court has determined that the AEDPA statute of limitations also can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original)).

**Analysis**

In her Section 2255 motion, Alvarran raises four claims that her trial counsel was unconstitutionally ineffective. *See* Dkt. No. 2 at 7-8. Counsel's allegedly erroneous advice – the facts supporting the Sixth Amendment claims presented – were known to Alvarran at the time that her convictions became final. *See United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012); *United States v. Jackson*, 470 F. App'x 324, 327-28 (5th Cir. 2012) (per curiam). And, because Alvarran has neither asserted a right that

has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review nor claimed that any governmental action impeded her timely filing of this collateral attack, the timeliness of her Section 2255 motion must be calculated under Section 2255(f)(1), based on the date on which her March 10, 2014 convictions became final, which – because there was no direct appeal – was 14 days later, on March 24, 2014. *See* FED. R. APP. P. 4(b)(1)(A)(I); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). The Section 2255 motion filed more five months after March 24, 2015 is therefore clearly untimely unless equitable tolling applies.

Alvarran is not entitled to equitable tolling. She has not claimed that "extraordinary circumstance" prevented her from asserting the claims she now brings in her Section 2255 motion in a timely manner. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on" Alvarran "to show rare, exceptional, or extraordinary circumstances beyond [her] control that made it impossible for [her] to timely file" her Section 2255 motion. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted). This Alvarran has not done.

But Alvarran does assert that, because she is "from Mexico and at the time of sentencing[, she] had very little understanding of English," she "did not understand the proceedings as presented to [her] at the time" and that her "attorney did not translate

what an appeal was or how to do one." Dkt. No. 2 at 5. But, even liberally construing this statement as implicating the timeliness of this collateral attack, her claims concerning her knowledge of her appellate rights is belied by the plea agreement – which contained an appellate waiver – that Alvarran and her attorney signed and that Alvarran certified she "fully [understood]." *United States v. Alvarran*, No. 3:13-cr-35-N (01) (N.D. Tex.), Dkt. No. 29 at 6, 8. Her claim is undercut, moreover, by the October 29, 2013 Report and Recommendation Concerning Plea of Guilty, in which the undersigned documented that Alvarran was cautioned and examined "under oath concerning each of the subjects mentioned in [Federal Rule of Criminal Procedure] 11." *United States v. Alvarran*, No. 3:13-cr-35-N (01) (N.D. Tex.), Dkt. No. 39; *see* FED. R. CRIM. P. 11(b)(1)(N) (mandating "the court must inform the defendant of, and determine that the defendant understands ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence").

Because Alvarran is neither entitled to statutory nor equitable tolling, her Section 2255 motion, filed more than one year and five months after her convictions became final, is barred by the applicable statute of limitations.

**Recommendation**

The Court should summarily dismiss this action as barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE